**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALIZA HASAN and NURA AHMED, h/w | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | NO.  14-2944 |
| MACY'S, INC., EMILY YOUNG, and | : | |
| USI SERVICES GROUP, INC., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S.J.                                                    August 14, 2014

Currently pending before the Court is the Motion by Plaintiffs Aliza Hasan and Nura
Ahmed to Remand Pursuant to 28 U.S.C. § 1447(c).  For the following reasons, the Motion is
granted and the case is remanded to the Court of Common Pleas for Philadelphia County.

## I.  FACTUAL BACKGROUND

According to the facts set forth in the Complaint, on March 11, 2013, Plaintiff Aliza
Hasan was in the Macy's, Inc. ("Macy's") department store in North Wales, Pennsylvania.
(Compl. ¶ 8.)  As she was walking out of a toilet stall in the women's restroom on the first floor,
she slipped and fell on water or some other liquid substance.  (Id. ¶ 9.)  The wetness and/or
marble-like surface of the tile floor caused Plaintiff to fall backwards, twist her right ankle, and
wrench her back, resulting in serious injuries.  (Id. ¶¶ 11–12.)

Plaintiffs allege that the bathroom is designed so that after a patron washes her hands in
any one of the three sinks, she must walk with wet hands across the tile flooring to the paper

towel dispenser.  (Id. ¶¶ 10, 13.)  They assert that Defendants Macy's and store manager Emily Young ("Young") knew or had reason to know that the restroom would be a location in which patrons, such as Plaintiff Hasan, would walk, turn, step, bend, reach, and use water from the three sinks and toilets.  (Id. ¶¶  14, 32.)  Further, they knew or had reason to know that maintenance would regularly clean the restroom floor with water or other cleaning solvents/substances, causing water and/or other liquid to be present and accumulate on the floor.  (Id. ¶¶  15–16.) Defendants allegedly let this water/liquid accumulate for an unreasonable amount of time and, thus, knew or should have known that the surface of the tile floor was hazardous.  (Id. ¶¶ 17–18.)

Notwithstanding this knowledge, the Complaint alleges that Defendants Macy's and Young never placed slip resistant matting or material on the floor and did not properly maintain, monitor, supervise, inspect, or correct the restroom's entryways and floors.  (Id. ¶¶ 19–21.) Further, the Complaint asserts that the degree of danger presented by the circumstances was high, thus requiring Defendants to exercise a high degree of care, which they failed to do.  (Id. ¶¶ 24–25.)

Plaintiffs filed the present Complaint in the Philadelphia County Court of Common Pleas on July 11, 2013.  The Complaint alleged three counts as follows: (1) negligence against Defendants Macy's and Young; (2) negligence (respondeat superior) against Defendant Macy's; and (3) loss of consortium against Defendants Emily Young and Macy's.  Since service of the Complaint, the parties closed the pleadings, including joinder of third party USI Services Group, Inc.; engaged in written discovery; conducted Defendant Young's deposition; and jointly petitioned the state court for additional time to complete discovery and extend the case management order deadlines, a petition which was filed after Young's deposition.

On May 23, 2014, Defendants Macy's and Young filed a Notice of Removal to federal court contending that this Court possesses diversity jurisdiction over this matter under 28 U.S.C. § 1332 because Plaintiffs are citizens of Pennsylvania, Defendant Macy's is a citizen of Ohio, and Defendant USI Services Group, Inc. is a citizen of New Jersey.  According to Defendants, Defendant Young, a citizen of Pennsylvania, should not be considered for jurisdictional purposes because she was fraudulently joined solely to destroy diversity.

Plaintiffs filed the present Motion for Remand under 28 U.S.C. § 1447(c) on June 12, 2014, alleging that Young, as store manager, is the individual responsible for the condition that caused Plaintiff's injury.  In addition, they claim that Defendants' Notice of Removal is untimely. Defendants filed a Response on June 25, 2014, and a Supplemental Memorandum of Law on July 3, 2014.  This Motion is now ripe for consideration.

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendant.  See 28 U.S.C. § 1446(b).  "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements."  Winnick v. Pratt, No. Civ.A.03-1612, 2003 WL 21204467, at *1 (E.D. Pa. May 20, 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)); see also Palmer v. Univ. of Med. and Dentistry of N.J., 605 F. Supp. 2d 624, 627 (D.N.J. 2009) ("A party opposing remand must show that removal was proper.").

Once an action is removed, a plaintiff may challenge removal by moving to remand the

3

case back to state court.  Cook v. Soft Sheen Carson, Inc., No. Civ.A.08-1542, 2008 WL 4606305, at *1 (D.N.J. Oct. 15, 2008) (citing 28 U.S.C. § 1447(c)).  Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure."  PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993).  Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks federal subject matter jurisdiction.  Kimmel v. DeGaspari, No. Civ.A.00-143, 2000 WL 420639, at *1 (E.D. Pa. Apr. 7, 2000) (citing 28 U.S.C. § 1447(c)).  A motion to remand the case on the basis of any defect in the removal procedure, however, must be submitted within thirty days after filing of the notice of removal under section 1446(a).  28 U.S.C. § 1447(c); N. Penn Water Auth. v. Bae Sys. Aerospace Elec., Inc., No. Civ.A.04-5030, 2005 WL 1279091, at *5 (E.D. Pa. May 25, 2005). Upon a motion to remand, "[i]t is always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand."  Lumbermans Mut. Cas. Co. v. Fishman, No. Civ.A.99-929, 1999 WL 744016, at *1 (E.D. Pa. Sep. 22, 1999) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)); see also Boyer, 913 F.2d at 111 (The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

**III.   DISCUSSION**

As set forth above, Plaintiffs offer two bases for remand to state court.  First, they allege that there is no diversity among the parties and that, contrary to Defendants' claim, Defendant Young was not fraudulently joined.  Second, they assert that, even assuming Young had no responsibility for the events in this case, Defendants should have known—well more than thirty

days prior to their filing for removal—that Young was not properly joined.  Finding merit to

Plaintiffs' second argument, the Court grants the Motion for Remand on that ground.

Section 1446(b) of Title 28 of the United States Code provides: "The notice of removal of

a civil action or proceeding shall be filed within 30 days after the receipt by the defendant,

through service or otherwise, of a copy of the initial pleading setting forth the claim for relief

upon which such action or proceeding is based, or within 30 days after the service of summons

upon the defendant if such initial pleading has then been filed in court and is not required to be

served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b)(1).  This provision,

however, goes on to provide that, "if the case stated by the initial pleading is not removable, a

notice of removal may be filed within 30 days after receipt by the defendant, through service or

otherwise, of a copy of an amended pleading, motion, order or other paper from which it may

first be ascertained that the case is one which is or has become removable. " Id. § 1446(b)(3).

Courts have interpreted this latter provision to establish that "[t]he time limits in 28 U.S.C. §

1446 for the filing of a removal petition are ignored when removal is sought on the ground of

fraudulent joinder of a nondiverse party.  In such cases, the removal petition need only be filed

within a reasonable time after defendant learns of the fraudulent joinder." Cook v. Pep Boys-

Mannie, Moe & Jack, Inc., 641 F. Supp. 43, 47 n.2 (E.D. Pa. 1985) (citing 14A C. Wright, A.

Miller & E. Cooper, Federal Practice and Procedure § 3732 at 530 (1985)).  "[O]nce Defendants

receive[] any filing or documentation indicating that the case is removable based on fraudulent

joinder, a notice of removal must be filed within thirty days." Nele v. TJX Cos., Inc., No.

Civ.A.11-7643, 2013 WL 3305269, at *5 (E.D. Pa. July 1, 2013) (citing 28 U.S.C. § 1446(b)(3)).

The original slip and fall at issue in this case occurred on March 11, 2013, and the state

litigation was filed on July 11, 2013. As asserted by Plaintiffs, and not refuted by Defendants, Defendants were aware of the incident on the day it happened and conducted an investigation of the incident within days of Plaintiff Hasan's fall. (Pl.'s Mot. for Remand, Ex. A, Resp. to Interrog. No. 8.) Upon the filing of the Complaint, Defendants were put on notice that Young was being sued on negligence grounds and that the theory of negligence involved the design and maintenance of the bathroom in the particular Macy's store at issue. The parties began active discovery in October 2013 and, as of March 6, 2014, Defendant Young had provided Responses to Interrogatories and Requests for the Production of Documents, meaning that Young and her counsel had conducted some inquiry into Young's role in the events at issue. (Id.)

Defendants make only cursory mention of the timeliness defects in their Notice of Removal, let alone explain why they waited until May 23, 2014 to seek removal. While Young's deposition did not occur until April 23, 2014, exactly thirty days prior to the Notice of Removal, Defendants point to no facts that they learned in that deposition—that they could not have learned otherwise—that led to their claim of fraudulent joinder. Indeed, aside from Young's testimony that she was not working on the date of the incident—a fact that was easily ascertainable from either her or Defendant Macy's shortly after receipt of the Complaint—Young's testimony indicated that she was responsible for ensuring the safety of store patrons, thereby bolstering Plaintiff's theory of negligence. (Pl.'s Mot. for Removal, Ex. D, Deposition of Emily Young ("Young Dep.") 33:2–34:4, 42:18–43:19, 64:4–75:5, Apr. 23, 2014.) Further, as Young was a named defendant and remains an employee of Defendant Macy's, her counsel did not have to wait until any deposition to obtain facts regarding her involvement in the relevant events, but rather could have easily obtained an affidavit from her in connection with

6

submission of a timely Notice of Removal based on fraudulent joinder.[1]  As such, the Court finds that Defendants did not file the Notice of Removal within a reasonable time after they learned, or should have learned, of the basis for their fraudulent joinder argument.  In turn, the Notice of Removal is untimely and the case must be remanded to state court.[2]

---

[1]  In their sole acknowledgment of the timeliness defects, Defendants argue that "had Defendants' [sic] attempted to remove the case within thirty (30) days from the time of filing of the Complaint on the grounds of an Affidavit alone, the Plaintiffs' [sic] would have argued that the Affidavit was self-serving and ineffectual against the allegations contained in the Complaint." (Defs.' Resp. Opp'n Mot. to Remand ¶ 17.)  Whether Plaintiffs would have made such an argument, however, is irrelevant.  The fact remains that Defendants knew of the facts underlying their claim of fraudulent joinder well more than thirty days prior to their filing of the Notice of Removal, meaning that they should have filed the Notice at that juncture.

[2]  Although the Court declines to expressly opine on whether Defendant Young was fraudulently joined, the Court is not entirely convinced by Defendants' argument.  As set forth by the Third Circuit, joinder is fraudulent where there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."  In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006) (quotations omitted).  The removing party carries a "heavy burden of persuasion" in making a showing of fraudulent joinder.  Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1012 n.6 (3d Cir. 1987).  "Fraudulent joiner should not be found simply because plaintiff has a weak case against a non-diverse defendant."  Salley v. AMERCO, No. Civ.A.13-921, 2013 WL 357014, at *3 (July 15, 2013).

Given this burden, the Court is skeptical whether Defendants could show that the claims against Defendant Young are a "legal impossibility."  Id.  It is well established that "negligence claims against a store manager relating to a slip-and-fall incident are colorable under Pennsylvania law."  Rubino v. Genuardi's, Inc., No. Civ.A.10-6078, 2011 WL 344081, at *4 (E.D. Pa. Jan. 31, 2011) (citing Beck v. Albertson's, Inc., No. Civ.A.05-5064, 2005 WL 3111782, at *3 (E.D. Pa. Nov. 21, 2005)).  Indeed, in Beck, despite the fact that the non-diverse store manager was not working on the date of the slip-and-fall at issue, the district court declined to find that the store manager had been fraudulently joined simply to defeat diversity.  Beck, 2005 WL 3111782, at *4; see also Wilson v. Acme Mkts., Inc., No. Civ.A.0-1586, 2005 WL 1201000, at *1 (E.D. Pa. May 18, 2005) (remanding a slip-and-fall negligence action filed against a store and the non-diverse store manager because the "complaint undeniably allege[d] potentially valid claims against the individual defendant").  All of the cases cited by Defendants in their Response and Supplemental Response involved a corporate officer or director to whom the plaintiff attempted to attach liability under the participation theory of liability—a theory that imposes liability on corporate officers or shareholders where they have personally taken part in the actions of the corporation.  See generally Bethea v. Bristol Lodge Corp., No. Civ.A.01-612,

An appropriate Order follows.

---

2002 WL 31859434, at *14–15 (E.D. Pa. Dec. 18, 2002).  None of these cases extend the participation theory to a factual scenario analogous to the one at issue in this matter.

The Court is slightly more troubled by the e-mail attached as Exhibit A to Defendant's Response.  In that e-mail from Plaintiff's counsel to Defendant Macy's, Plaintiff's counsel states:

> Cynthia: We will get you the letter signed and allow this to [sic] email to confirm the extension as well for purposes of Macy's filing an ANSWER only.  As I discussed, I don't see a problem with dismissing Emily but the details and conditions will have to be worked out with counsel so as to preserve the theories set forth in the Complaint otherwise as well as ensuring that Macy's does not attempt to remove the matter to Federal Court with her removal.  Thanks, Steven

(Def.'s Resp. Opp'n Mot. for Remand, Ex. A.)  Such an email calls into question Plaintiff's motives for naming Mrs. Young as a Defendant.  That email, however, was sent on September 19, 2013, more than eight months prior to the filing of the Notice of Removal.  Thus, any fraudulent joinder claim based on that email would be similarly untimely.